**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

US SYNTHETIC CORPORATION,

     Plaintiff,

v.

ZHENGZHOU NEW ASIA SUPERHARD
MATERIALS COMPOSITE CO., LTD. AND
INTERNATIONAL DIAMOND SERVICES,
INC.,

     Defendants.

CIVIL ACTION NO. 4:20-cv-03973

**DEFENDANT INTERNATIONAL DIAMOND SERVICES, INC.'S**
**UNOPPOSED MOTION TO STAY CASE PENDING OUTCOME OF A**
**PARALLEL U.S. INTERNATIONAL TRADE COMMISSION INVESTIGATION**

Defendant International Diamond Services, Inc. ("IDS") respectfully moves under

28 U.S.C. § 1659 for a stay of all proceedings concerning Zhengzhou New Asia Superhard

Materials Composite Co., Ltd. ("New Asia") and IDS in the above-captioned case until the

determination of the United States International Trade Commission ("ITC") in Investigation 337-

TA-1236 becomes final.[1]  IDS conferred with Plaintiff US Synthetic Corporation ("Plaintiff") and

counsel for Plaintiff does not oppose the present motion.

On November 20, 2020, Plaintiff filed the Complaint in this case against IDS and New

Asia asserting infringement of U.S. Patent Nos. 10,508,502 ("the '502 Patent"), 10,507,565 ("the

'565 Patent"), and 8,616,306 ("the '306 Patent").  *See* Dkt. No. 1 at ¶ 1.  On November 23, 2020,

Plaintiff filed a complaint in the ITC against IDS and New Asia asserting infringement of the same

---

[1] IDS understands that New Asia has not been served with process as of the date of the present motion, but nevertheless requests that the present action be stayed as to all defendants for the reasons set forth herein.

patents. 85 Fed. Reg. at 85661-62. Plaintiff's ITC complaint also asserts the same three patents

as well as U.S. Patent Nos. 9,932,274 ("the '274 Patent") and 9,315,881 ("the '881 Patent") against

several other parties.[2] *Id.* On December 21, 2020, the Commission instituted the Investigation,

titled *Certain Polycrystalline Diamond Compacts and Articles Containing Same*, Inv. No. 337-

TA-1236, which was published in the Federal Register on December 29, 2020. 85 Fed. Reg.

85661-62.

Under 28 U.S.C. § 1659(a), district court patent claims that involve the same issues as a

parallel ITC proceeding are subject to a mandatory stay:

> (a) **Stay.**—In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court ***shall stay***, until the determination of the commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within—
>
> > (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or
> >
> > (2) 30 days after the district court action is filed,
>
> whichever is later.

*Id.* (emphasis added). This statutory provision "requires that the stay of district court proceedings

continue until the Commission proceedings are no longer subject to judicial review." *In re Princo*

*Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007).

This case satisfies both requirements for a mandatory stay. First, this action involves the

same issues as the parallel ITC Investigation because the asserted patents in the ITC Investigation

include the same patents asserted in this case. *Compare* Dkt. No. 1 at ¶ 1 (identifying the patents

---

[2] The '274 Patent and '881 Patent are not asserted against IDS and New Asia in the present action or in Plaintiff's ITC complaint.

at issue in this action) *with* 85 Fed. Reg. at 85661 (identifying the patents at issue in the ITC investigation).  The ITC Investigation also includes the same parties and same accused products as this action.  *Compare* Dkt. No. 1 at ¶¶ 5-8, 23-25 *with* 85 Fed. Reg. at 85661-62.  Second, IDS's request is timely under § 1659 because it was filed within 30 days of the Notice of Institution of ITC Investigation No. 337-TA-1236 naming IDS as a respondent.  *See* Notice of Institution dated December 21, 2020.  IDS is thus entitled to a mandatory stay of this proceeding under 28 U.S.C. § 1659(a).  *See In re Princo Corp.*, 478 F.3d at 1353–54.  In requesting this stay, IDS expressly reserves any and all of its objections, defenses, and counterclaims, including, but not limited to, any defenses based on lack of service, lack of jurisdiction, and improper venue.

For these reasons, IDS respectfully requests that this Court enter an Order staying this action pending the final resolution of the corresponding ITC Investigation No. 337-TA-1236.

DATED and FILED on January 19, 2021.

Respectfully submitted,

*/s/ Greg R. Wehrer*
Greg R. Wehrer, Attorney-In-Charge
Texas Bar No. 24068592
S.D. Tex. No. 1037384
SQUIRE PATTON BOGGS (US) LLP
6200 Chase Tower
600 Travis Street
Houston, Texas 77002
Telephone:  713-546-5841
Facsmile:  713-546-5830
Email:  greg.wehrer@squirepb.com

3

OF COUNSEL:

SQUIRE PATTON BOGGS (US) LLP

Adam R. Hess
Admission *Pro Hac Vice* (to be filed)
Alex E. Wolcott
Admission *Pro Hac Vice* (to be filed)
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315
Email: adam.hess@squirepb.com
         alex.wolcott@squirepb.com

David P. Prueter
Admission *Pro Hac Vice* (to be filed)
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 479-8500
Facsimile: (216) 479-8780
Email: david.prueter@squirepb.com

*Counsel for Defendant*
*International Diamond Services, Inc.*

4

## CERTIFICATE OF CONFERENCE

I hereby certify that on January 15, 2021, I conferred with counsel for Plaintiff regarding this motion and Plaintiff is unopposed.

*/s/ Adam R. Hess*
Adam R. Hess

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Greg R. Wehrer*
Greg R. Wehrer